22 F.3d 1184
 306 U.S.App.D.C. 102
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CENTURY CAPITAL CORP. OF SOUTH CAROLINA and John Brown,
v.
SECURITIES AND EXCHANGE COMMISSION.
 Nos. 92-1592, 93-1430.
 United States Court of Appeals, District of Columbia Circuit.
 March 24, 1994.
Rehearing Denied May 27, 1994.
 
 Before: WILLIAMS, GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on petitions for review from orders of the Securities and Exchange Commission, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The National Association of Securities Dealers (NASD) disciplined petitioners for selling stock listed with various Canadian stock exchanges, the National Association of Securities Dealers Automated Quotation System (NASDAQ) and the National Quotation Bureau in violation of its excessive markup policy. The Securities and Exchange Commission affirmed. The petitioners now contend that the markup policy is vague and applied in an arbitrary and capricious fashion.
 
 
 3
 The SEC published the clear markup policy in this case before the petitioners engaged in the sanctioned conduct. That policy states that quotation prices may not normally be used as the basis for markup absent independent validation that those prices are substantially the same as contemporaneous inter-dealer transaction prices. See, e.g., Alstead, Dempsey & Co., Inc., 47 S.E.C. 1034 (1984). Petitioners failed to supply evidence that the quotation price was a valid indicator of the actual inter-dealer price for the stocks at issue. Nor did the SEC treat stocks traded on Canadian exchanges differently from NASDAQ stocks. In cases where the NASD had applied the "inside ask" price to NASDAQ stocks, the SEC independently validated those transactions, using contemporaneous inter-dealer cost. Century Capital Corp. of South Carolina, p. 6 (Sept. 17, 1992) [JA 320].
 
 
 4
 Accordingly, it is ORDERED and ADJUDGED by the Court that the petitions for review be denied.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing.